**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL LEE FRUGOLI, | No. 16-56232 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02227-MRW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Submitted August 7, 2018[**]
Pasadena, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and HOYT,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth M. Hoyt, United States District Judge for the
Southern District of Texas, sitting by designation.

Michael Lee Frugoli, ("Frugoli"), appeals the denial of his application for social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (citing *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)), we affirm.

Frugoli contends that the administrative law judge ("ALJ") failed to resolve a "facial conflict" between the Vocational Expert's ("VE") testimony, the Dictionary of Occupational Titles, and the Occupational Outlook Handbook. Frugoli was represented by counsel before the ALJ, and did not raise this argument. By failing to "even obliquely suggest that the VE's" occupational-requirements opinion "might be unreliable at any point during administrative proceedings[,]" Frugoli forfeited his argument. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).[1]

**AFFIRMED.**

---

[1] Given this conclusion, the ALJ's alleged error in failing to resolve occupational-requirements conflicts regarding the counter clerk and bench assembler positions is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding "that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'" (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))).